RYAN TYZ (CSB NO. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
UDIT SOOD (CSB No. 308476)
udit@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Defendant
Tableau Software, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| iCHARTS LLC, | Case No: 3:24-cv-03157-WHA |
| Plaintiff, | **EXHIBIT 11 TO DECLARATION OF RYAN TYZ IN SUPPORT OF TABLEAU'S MOTION FOR ATTORNEYS' FEES** |
| v. | |
| TABLEAU SOFTWARE, LLC, | |
| Defendant. | |

EXHIBIT 11                                                                    CASE NO. 3:24-cv-03157-WHA

Fabio E. Marino (SBN 183825)
Fabio.Marino@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
1279 Oakmead Parkway
Sunnyvale, CA 94085
Tel:  408-720-3436

Steven M. Levitan (SBN 148716)
Steve.Levitan@wbd-us.com
Carrie J. Richey (SBN 270825)
Carrie.Richey@wbd-us.com
Christian E. Mammen (SBN 188454)
Chris.Mammen@wbd-us.com
Daniel M. Grigore (SBN 347602)
Daniel.Grigore@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Ste. 2750
San Francisco, CA 94111
Tel:  415-765-6240

Attorneys for Plaintiff
iCHARTS LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| iCHARTS LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>TABLEAU SOFTWARE, LLC,<br><br>  Defendant. | Case No.: 3-24-03157-WHA<br><br>**PLAINTIFF iCHARTS' SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TABLEAU'S FIRST SET OF INTERROGATORIES**<br>**(NOS. 3, 5, 8, 9, AND 10)**<br><br>**<u>CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY</u>** |

PROPOUNDING PARTY:    DEFENDANT TABLEAU SOFTWARE, LLC

RESPONDING PARTY:       PLAINTIFF iCHARTS LLC

SET NUMBER.:                       ONE (NOS. 3, 5, 8, 9, AND 10)

5.      iCharts objects to Defendant's instructions in Paragraph 5 as requiring more information than required under Fed. R. Civ. P. 33(d). Where iCharts relies on Rule 33(d) to answer an Interrogatory, it will provide "sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," consistent with its duty under Rule 33(d)(1).

6.      iCharts objects to Defendant's Instructions to the extent that they seek to impose upon iCharts a duty of disclosure, supplementation, or other obligation not required by the Federal Rules of Civil Procedure.

7.      iCharts objects to Defendant's Interrogatories to the extent that they seek disclosure of privileged information, including information protected by the attorney-client privilege or work product doctrine, trial-preparation material, or any other applicable privileges, immunities or protections. The specific objections stated below invoking the attorney-client privilege, work-product or trial-preparation protection, or any other applicable privilege or immunity do not limit the generality of this objection in any way. By responding to Defendant's Interrogatories, iCharts does not waive its right to assert any privileges, immunities, or protections, or to seek protective orders.

**OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 3:**

For each Patent-in-Suit, explain the full factual and legal bases for Your contention that TABLEAU'S alleged infringement has been willful, including but not limited to identifying when and how Tableau was put on notice of the alleged infringement and why such notice allegedly communicated one or more specific charges of infringement by one or more specific accused products, including identifying each person with knowledge of the foregoing and all documents relating to the foregoing.

**RESPONSE TO INTERROGATORY NO. 3:**

iCharts INCORPORATES by reference the Preliminary Statement and each of the General Objections set forth above. iCharts further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or

any other applicable privilege or immunity. iCharts further objects to this Interrogatory as premature, insofar as it seeks disclosure of iCharts' contentions without a full opportunity to take discovery before stating such contentions. iCharts further objects that this Interrogatory prematurely seeks expert testimony and calls for legal conclusions. iCharts further objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case, insofar as it seeks information already within the possession, custody, or control of the requesting party. iCharts further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that it seeks identification of all documents related to this request. iCharts further objects to this Interrogatory on the ground that it contains subparts and is therefore compound and constitutes an improper attempt to circumvent the numerical limit on Interrogatories set by Federal Rule of Civil Procedure 33 because it asks iCharts to provide a responsive factual narrative, including an identification of individuals with knowledge of the same, and an identification of "all documents" related to the same. iCharts objects to the definition of "You," "Your," and "iCharts" in Paragraph 1 of the Definitions as purporting to include individuals and entities other than iCharts. iCharts interprets these terms to refer to iCharts LLC, and responds solely on behalf of iCharts LLC. iCharts further states that discovery is ongoing, and iCharts reserves its right to supplement or otherwise amend its responses as more information becomes available.

Subject to and without waiving the foregoing objections, iCharts answers as follows: iCharts incorporates by reference its Infringement Contentions, and any supplement thereto, served on June 27, 2024 and August 1, 2024. Specifically, iCharts incorporates its disclosure under Patent Local Rule 3-1(i), which states:

> Tableau has been on notice of the Patents-In-Suit since at least as early as 2017. In 2017, iCharts, Inc. (prior assignee of the Patents-in-Suit) and Tableau discussed Tableau's potential acquisition of iCharts, Inc., during which discussions iCharts, Inc. made Tableau aware of iCharts, Inc.'s patent portfolio including the Patents-in-Suit. On information and belief, pursuant to Tableau's due diligence and investigation of the Patents-In-Suit, Tableau was made aware and understood that

Tableau Public, Tableau Cloud, Tableau Server, and Tableau Desktop infringe the Patents-in-Suit. Despite this knowledge, Tableau chose not to acquire iCharts or buy or license the Patents-in-Suit, and continued to make, sell, and offer to sell the Accused Products, and encourage its customers to use the Accused Products, in a deliberate and/or intentional infringing manner, constituting willful infringement. Alternatively, at a minimum, Tableau's actions amount to willful blindness because Tableau subjectively believed that there was a high probability that it infringed and infringes the Patents-in-Suit, and took deliberate action to avoid learning that it did. Tableau was aware of iCharts, Inc.'s patent portfolio, including the Patents-In-Suit, and ==Tableau was aware that iCharts, Inc. was a competitor with similar subscriptions and services offerings (an iCharts Inc. representative explained how iCharts Inc.'s subscriptions and services offerings worked) that were covered by iCharts, Inc.'s patents==.  Other facts evidencing willfulness may be learned during the discovery process.  iCharts further states that at least the following individuals have knowledge of the foregoing: at least Seymour Duncker, Jay Peir.

Pursuant to Fed. R. Civ. P. 33(d), iCharts will further produce non-privileged responsive documents which are located through a reasonable and diligent search from which an answer to this Interrogatory may be ascertained.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

iCharts refers to and incorporates by reference its response, above, to this request. Subject to and without waiving its previously-asserted objections, iCharts further responds that Tableau has admitted to Jay Peir's awareness of the '892 Patent as early as August 19-20, 2013. *See* Tableau's First Amended & Supplemental Response to Interrogatory No. 1.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

iCharts refers to and incorporates by reference its response, above, to this request. Subject to and without waiving its previously-asserted objections, iCharts further responds as follows:

Seymour Duncker and Jay Peir communicated about iCharts and its potential relationship with Tableau in 2013 and 2017. On August 7, 2013, Seymour Duncker emailed Jay Peir stating that he had not known that Peir was at Tableau and that "iCharts is in an adjacent space focussing [sic] on Data Publishers. Have been following Tableau for some time, very impressive. I believe there are some good touch points we should discuss." ICHARTS0008766. Peir responded on August 10, 2013, stating that he would be traveling and perhaps "we can touch base the following week." *Id*. Duncker emailed Peir on August 16, 2013, asking if Peir was free on "8/20 or 8/21," and Peir responded on August 19, 2013, suggesting "Thursday or Friday morning (8/29 or 8/30)." ICHARTS0008768. Duncker responded on the same day, stating "8/29 works . . . . What I was looking forward to discuss is how we could partner around public and commercial data. Very interested in your longer-term priorities/thoughts around Tableau Public. I see a great potential how we could work together here." ICHARTS0008767. Duncker also stated that he "wanted to chat regarding our patents around Creating, Sharing and Embedding of Interactive Charts. There may be some overlap with regards to Tableau Public / Tableau Online and my board wanted me to look into it." *Id*. Peir responded on August 19, 2013, by stating "If that is the topic you'd like to discuss, why don't we hold off on meeting until I have a chance to better understand what the patents you have are? Can you let me know what patents are held by iCharts?" *Id*. Duncker's same-day response stated that the main topic would be "the partnership opportunity," and that the patents would be a "side theme, but in any case here you go: http://www.google.com/patents/US8271892. This is the main one, however we are getting additional ones granted related to this core patent." *Id*. There were no further communications until December 4, 2013, when Duncker reached back out to Peir, stating "Trust you are well. You suggested we get together post your travels. Shall we set up a time next week?" ICHARTS0008771. After some back and forth about scheduling a time, including a conflict that arose when Peir hurt his back and had a doctor's appointment, Duncker and Peir

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  agreed to meet in Los Altos, California, around 11a.m. on December 11,
2  2013. ICHARTS0008770–8771, ICHARTS0008774–8775. The two did meet for coffee. On May
3  14, 2014, Duncker emailed Peir about iCharts "exhibiting at SuiteWorld," but the next substantive
4  discussion about iCharts and Tableau took place in 2017. ICHARTS0008776,
5  ICHARTS0008777–8778. On July 24, 2017, Duncker emailed Peir, stating that he wanted to
6  "reach out and see if [Peir] want[ed] to meet for coffee near-term for a business discussion on
7  iCharts," because there had been "developments on [the iCharts] side and this may be an
8  opportunity you want to take a look at." ICHARTS0008778. The two scheduled a phone call for
9  August 3, 2017. ICHARTS0008777–8778. Duncker and Peir spoke on the phone and Duncker
10 followed up after the phone call, stating that iCharts's "core focus is Embedded BI. Our solution
11 enables tight integration with SaaS platforms. NetSuite Oracle is one of our primary Go-To-
12 Market channels," and that iCharts had a "best-in-class integration with Google BigQuery, an area
13 where Tableau has been significantly challenged." ICHARTS0008777. Duncker cited to
14 iCharts's "significant IP coverage with 8 fully granted patents," and provided links to patents
15 covering "Creation, Sharing and Embedding of Interactive Charts," and "Secure Connections in
16 an Interactive Analytic Visualization Infrastructure." *Id*. Peir responded on August 16, 2017,
17 stating that Tableau had "discussed internally and wanted to let [Seymour] know that our M&A
18 focus areas are outside of what iCharts does." *Id*.

Plaintiff iCharts' Second Suppl. Resp. to Defendant Tableau's First Set of Interrogatories

7

Case No.: 3:24-cv-03157-WHA

1  parties' document productions have been limited. Pursuant to Fed. R. Civ. P. 33(d), iCharts will
2  identify documents responsive to this request, other than possible email repositories, which would
3  fall within the parties' stipulated ESI Order.
4      To the extent Defendant has suggested during meet-and-confer that this request calls for a
5  limitation-by-limitation mapping of ICI's products onto the asserted claims, such a request is both
6  irrelevant and outside the scope of the request, and iCharts will not supplement its response to this
7  request to include such information.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

9      iCharts refers to and incorporates by reference its response, above, to this request. Subject
10  to and without waiving its previously-asserted objections, iCharts further responds as follows:
11      Responsive to Defendant's further inquiries concerning whether ICI engaged in patent
12  marking as to the Patents-in-Suit, iCharts further responds that marking is not necessarily required
13  under 35 U.S.C. § 287 for this technology. *See Lexos Media IP, LLC v. Jos. A. Bank Clothiers,*
14  *Inc.*, 2018 WL 2684104, *3 (D. Del. 2018) ("It is not always clear in circumstances like these
15  whether a website must be marked by a patentee."). Nonetheless, ICI did mark its website, as
16  iCharts previously stated in its disclosure under PLR 3-1(g). Documents evidencing that marking
17  have been produced at ICHARTS0001104 - ICHARTS0001779. Moreover, iCharts itself has no
18  products, and therefore is not required to engage in marking. Additionally, the '000 Patent includes
19  only method claims and marking is not required.

**INTERROGATORY NO. 8:**

21      Describe in detail all facts and circumstances relating to any ownership or licensing
22  interests in any Patent-in-Suit or offer to license any Patent-in-Suit, including but not limited to
23  the identification of all individuals or organizations who have ever owned, licensed, or been
24  offered a license to any Patent-in-Suit, the identification of any license, settlement, or other
25  agreements, including any draft agreements, relating to the ownership or licensing of any Patent-
26  in-Suit, the dates of any ownership, licensing, or offers, and the amounts of any royalties or other
27  payments exchanged, and the identification of each person with knowledge of the foregoing and
28  all documents relating to the foregoing.

**RESPONSE TO INTERROGATORY NO. 8:**

iCharts incorporates by reference the Preliminary Statement and each of the General Objections set forth above. iCharts further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. iCharts further objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case, insofar as it seeks information already within the possession, custody, or control of the requesting party. iCharts further objects to this request as vague and ambiguous, insofar as it cannot be ascertained what is meant by the term "offered a license" in the context of the request. iCharts further objects to this Interrogatory as irrelevant to any claim or defense, insofar as "offered a license" has no bearing on any claim, defense, or remedy in this case. iCharts further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that it seeks identification of all documents related to this request. iCharts further objects to this Interrogatory on the ground that it contains subparts and is therefore compound and constitutes an improper attempt to circumvent the numerical limit on Interrogatories set by Federal Rule of Civil Procedure 33 because it asks iCharts to provide a responsive factual narrative regarding ownership and licensing, including an identification of individuals with knowledge of the same, and an identification of "all documents" related to the same. iCharts further states that discovery is ongoing, and iCharts reserves its right to supplement or otherwise amend its responses as more information becomes available.

Subject to and without waiving the foregoing objections, iCharts answers as follows: iCharts incorporates by reference its Infringement Contentions, and any supplement thereto, served on June 27, 2024. Specifically, iCharts incorporates its disclosure under Patent Local Rule 3-2(d) and (g), which identified the following relevant documents from which an answer to this Interrogatory may be ascertained pursuant to Fed. R. Civ. P. 33(d): documents evidencing ownership of the Patents-in-Suit: ICHARTS0001054–ICHARTS0001103; and agreements relating to the prior assignee's products: ICHARTS0008116 - ICHARTS0008681.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

iCharts refers to and incorporates by reference its response, above, to this request. Subject to and without waiving its previously-asserted objections, iCharts further responds as follows:

The chain of title for the '892 Patent is as follows:

| Date | Assignor | Assignee |
|---|---|---|
| 11/1/2008 | Seymour Duncker and Tyron Montgomery | iCharts, Inc. |
| 12/12/2014 | Seymour Duncker and Tyron Montgomery | iCharts, Inc. |
| 9/13/2021 | iCharts, Inc. | iChasoco LLC |
| 9/20/2021 | iChasoco LLC | iCharts, LLC |

The chain of title for the '000 Patent is as follows:

| Date | Assignor | Assignee |
|---|---|---|
| 1/27/2009 | Seymour Duncker and Tyron Montgomery | iCharts, Inc. |
| 12/12/2014 | Seymour Duncker and Tyron Montgomery | iCharts, Inc. |
| 9/13/2021 | iCharts, Inc. | iChasoco LLC |
| 9/20/2021 | iChasoco LLC | iCharts, LLC |

The chain of title for the '595 Patent is as follows:

| Date | Assignor | Assignee |
|---|---|---|
| 12/12/2014 | Seymour Duncker and Tyron Montgomery | iCharts, Inc. |
| 9/13/2021 | iCharts, Inc. | iChasoco LLC |
| 9/20/2021 | iChasoco LLC | iCharts, LLC |

Additionally, specifically responding to Tableau's request for identification of documentation of the assignments to and from iChasoco LLC, iCharts identifies the specific documents, previously produced by iCharts and included in the range identified above pursuant to Rule 33(d):

| Date | Patent | Assignment from iCharts, Inc. to iChasoco LLC | Assignment from iChasoco LLC to iCharts, LLC |
|---|---|---|---|
| 9/13/2021 | '892 | CHARTS0001063-1065 | |
| 9/20/2021 | '892 | | ICHARTS0001060-1062 |
| 9/13/2021 | '000 | ICHARTS0001054-1056 | |
| 9/20/2021 | '000 | | ICHARTS0001082-1084 |
| 9/13/2021 | '595 | ICHARTS0001091-1093 | |
| 9/20/2021 | '595 | | CHARTS0001074-1076 |

**INTERROGATORY NO. 9:**

Describe all facts and circumstances relating to the chain of transactions through which any rights in or to any Patent-in-Suit were directly or indirectly transferred from iCharts, Inc. (through iChasoco, LLC) to You, including but not limited to identifying the parties to each transaction, the date of each transaction, all communications between You and the other parties to each transaction regarding the Patents-in-Suit and any consideration exchanged in connection with each transaction, and including identifying each person with knowledge of the foregoing and all documents relating to the foregoing.

**RESPONSE TO INTERROGATORY NO. 9:**

iCharts incorporates by reference the Preliminary Statement and each of the General Objections set forth above. iCharts further objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case, insofar as it seeks information already within the possession, custody, or control of the requesting party. iCharts further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that it seeks identification of "all documents" related to this request. iCharts further objects to this

in the U.S., and has assumed a royalty rate typical for software cases of approximately 3.5% to 5.5%. To the extent apportionment of the royalty base may be possible based on the existence of a smallest saleable patent practicing unit that is less than the product units, identified to date by Tableau in the sales data it has produced and/or that is publicly available, iCharts reserves the right to make such apportionment if and when Tableau produces the information necessary to make that determination; such information is solely within the possession of Tableau. Additionally, iCharts refers to and incorporates by reference its First Amended Initial Disclosures.

      iCharts will supplement its computations of applicable categories of damages as may be required prior to trial in accordance with Federal Rule of Civil Procedure 26.

Date: November 15, 2024          By: */s/Christian E. Mammen*
                                                 Christian E. Mammen

                                                 Attorneys for Plaintiff
                                               iCHARTS LLC