Fabio E. Marino (SBN 183825)
Fabio.Marino@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
1279 Oakmead Parkway
Sunnyvale, CA 94085
Tel:  408-720-3436

Steven M. Levitan (SBN 148716)
Steve.Levitan@wbd-us.com
Christian E. Mammen (SBN 188454)
Chris.Mammen@wbd-us.com
Carrie J. Richey (SBN 270825)
Carrie.Richey@wbd-us.com
Daniel M. Grigore (SBN 347602)
Daniel.Grigore@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Ste. 2750
San Francisco, CA 94111
Tel:  415-765-6240

Attorneys for Plaintiff
iCHARTS LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| iCHARTS LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>TABLEAU SOFTWARE, LLC,<br><br>            Defendant. | Case No.: 3:24-cv-03157-WHA<br><br>**iCHARTS LLC'S ADMINISTRATIVE MOTION FOR RELIEF REQUESTING A STAY OF FEE MOTION PROCEEDINGS**<br><br>Complaint Filed:  October 10, 2023 |

1

**ADMINISTRATIVE MOTION FOR RELIEF**

2

**I.    INTRODUCTION**

3    Plaintiff iCharts LLC ("iCharts") requests that this Court stay fee motion proceedings

4    related to Defendant Tableau LLC's ("Tableau") Notice of Motion and Motion for Attorneys' Fees

5    (the "Motion"; Dkt. No. 121) until the Federal Circuit has ruled on iCharts' pending appeal of this

6    Court's Order granting Tableau's Motion for Judgment on the Pleadings (Dkt. No. 118). The

7    following reasons weigh in favor of a stay: *First*, iCharts' appeal presents a "substantial case" for

8    relief on the merits. *Second*, if granted, an award of attorneys' fees would need to be vacated should

9    iCharts succeed on appeal. *Third*, a stay preserving the status quo will not substantially injure

10    Tableau because its right to attorneys' fees will be preserved pending resolution of the appeal,

11    which *will* be resolved—this will not be an indefinite stay. *Last*, the public interest is furthered by

12    a stay as it is the most efficient use of judicial resources, in view of the pending appeal.

13    Accordingly, iCharts respectfully requests that the Court stay fee motion proceedings at this time.

14

**II.    BACKGROUND**

15    iCharts filed the present action in the Western District of Texas on October 10, 2023,

16    asserting infringement of U.S. Patent Nos. 8,271,892, 8,520,000, and 9,712,595 against Tableau

17    (Dkt. No. 1). The case was transferred to this Court on May 24, 2024, and Tableau moved for

18    judgment on the pleadings on July 25, 2024, arguing that iCharts' patents are patent-ineligible

19    under 35 U.S.C § 101 (Dkt. Nos. 64, 74).

20    The Court granted Tableau's motion for judgment on the pleadings on December 12, 2024,

21    finding iCharts' patents to be based on patent-ineligible subject matter (Dkt. No. 118). The next

22    day, iCharts filed a notice of appeal. (Dkt. No. 119). On December 18, 2024, the Clerk of the

23    Federal Circuit provided notice of docketing and a case number for the appeal (Dkt. No. 120). On

24    December 26, 2024, fourteen days after entry of judgment as required by Federal Rule of Civil

25    Procedure 54(d)(B)(i), Tableau moved for attorneys' fees under 35 U.S.C. § 285 (Dkt. No. 121),

26    a motion that iCharts opposes in full in its brief filed contemporaneously herewith. iCharts now

27    files this Motion for Administrative Relief, pursuant to Local Rule 7-11, requesting that the Court

28    stay the fee motion proceedings pending Federal Circuit review of the Court's order granting

1  Tableau's motion for judgment on the pleadings. iCharts' appellate brief is due on February 18,

2  2025.

3  **III.    ARGUMENT**

4      The Court should stay fee motion proceedings pending appeal because the governing

5  factors, as set forth in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), weigh in favor of a stay.

6      "[T]he power to stay proceedings is incidental to the power inherent in every court to

7  control the disposition of the causes on its docket with economy of time and effort for itself, for

8  counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Here, a stay of

9  Tableau's Motion proceedings is warranted because of iCharts' appeal on the merits of the case.

10  "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer

11  its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for

12  filing after the appeal has been resolved."  Fed. R. Civ. P. 54, Advisory Committee Note (1993).

13  Courts consider four factors to determine whether to stay fee and cost proceedings pending appeal:

14  (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the

15  merits;" (2) "whether the applicant will be irreparably injured absent a stay;" (3) "whether issuance

16  of the stay will substantially injure the other parties interested in the proceeding;" and (4) "where

17  the public interest lies." *Hilton*, 481 U.S. at 776. Here, all four factors weigh in favor of a stay.

18          **A.      iCharts' Appeal Presents A Substantial Case For Relief**

19      Despite the Court granting Tableau's 12(c) motion, "it is not inconceivable that the Federal

20  Circuit could decide the issues differently on appeal." *Katana Silicon Techs. LLC. v. Micron Tech.,*

21  *Inc.*, No. 1:22-cv-00282-DCN, 2023 U.S. Dist. LEXIS 202359, at *11 (D. Idaho Nov. 2, 2023).

22      The Ninth Circuit has explained that a stay applicant "need not demonstrate that it is more

23  likely than not that they will win on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th

24  Cir. 2011). Rather, only a showing that the appeal raises "serious legal questions," or that there is

25  a "fair prospect" or "reasonable probability" of success, is necessary. *Id*. at 966-68; *FTC v.*

26  *Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019) (same, citing and quoting *Leiva-Perez*). "[T]he

27  idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial

28  case for relief on the merits." *Leiva-Perez,* 640 F.3d at 968. There is such a showing here.

1    The Federal Circuit's current Section 101 jurisprudence in software-related cases reflects

2    a mixed bag of results. *Compare Contour IP Holding LLC v. GoPro, Inc.*, 113 F.4th 1373, 1379–

3    80 (Fed. Cir. 2024) (patent-eligible subject matter); *Cosmokey Sols. GMBH & Co. KG v. Duo Sec.*

4    *LLC*, 15 F.4th 1091, 1099 (Fed. Cir. 2021) (patent-eligible subject matter); *Uniloc USA, Inc. v. LG*

5    *Elecs. USA, Inc.*, 957 F3d. 1303, (Fed. Cir. 2020) (patent-eligible subject matter); *Data Engine*

6    *Techs. LLC v. Google LLC*, 906 F.3d 999, 1002 (Fed. Cir. 2018) (patent-eligible subject matter);

7    *with Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332 (Fed. Cir. 2018) (patent-

8    ineligible subject matter); *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d

9    1336, 1345 (Fed. Cir. 2013) (patent-ineligible subject matter). An appeal, in this context, provides

10   a "fair prospect" or "reasonable probability" of success on the merits, especially because iCharts

11   will focus on three specific gray areas of Federal Circuit jurisprudence:  (1) whether the claims are

12   "directed to" an abstract idea, *compare Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337 (Fed.

13   Cir 2016), *with Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1263 (Fed. Cir.

14   2016); (2) if so, whether the claims are "patent-eligible application[s]" of an abstract idea, *see*

15   *BASCOM Global Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347, 1350 (Fed. Cir.

16   2016); and (3) whether the presence of factual issues precluded the court from resolving certain

17   issues at this stage in the proceedings, *see Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir.

18   2018). After *Alice*, Section 101 applied to software patents still presents "serious legal questions,"

19   the contours of which the Federal Circuit continues to define. This justifies a stay.

20       **B.    iCharts Will Be Irreparably Injured Absent A Stay**

21       Tableau's request for nearly $2 million in attorneys' fees, Mot. at 13, is a substantial

22   amount for iCharts to pay. Tableau also asks the Court to hold Seymour Duncker, a member of

23   iCharts LLC but not himself a party to the litigation, jointly and severally liable for fees. Mot. at

24   14. This raises a variety of Due Process concerns and other procedural issues involving piercing

25   of the iCharts corporate veil. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 470–71 (2000).

26   Resolution of these issues would place a potential burden on the Court and the parties that would

27   best be avoided if unnecessary. The Court should stay the current fee motion proceedings to allow

28   the Federal Circuit to make its ruling before the Court decides that iCharts, and potentially an

1    individual non-party, must pay a large sum of money they could have difficulty clawing back if

2    the appeal succeeds. An irreparable injury is one that "cannot be easily undone should [the movant]

3    prevail on appeal." *FTC*, 935 F.3d at 756. "In analyzing whether there is a probability of

4    irreparable injury, we also focus on the individualized nature of irreparable harm and not whether

5    it is 'categorically irreparable.'" *Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012). Economic

6    harm is irreparable where a party will not be able to recover monetary losses. *California v. Azar*,

7    911 F.3d 558, 581 (9th Cir. 2018).

8         Tableau requests a substantial sum of money. *See C.L. v. Del Amo Hosp. Inc.*, No. 8:18-

9    CV-00475-DOC, 2024 U.S. Dist. LEXIS 220643, at *2, 3 (holding that an approximately $2

10   million award of fees and costs was significant enough to warrant a stay pending appeal). It would

11   be difficult for iCharts to pay that amount, be without it indefinitely, and then attempt to claw it

12   back should iCharts prevail on appeal.[1]   Tableau, which is a part of Salesforce,[2] a multibillion-

13   dollar company,[3] may view $2 million differently than iCharts in relation to level of hardship, but

14   the standard to be applied here is the "individualized nature of irreparable harm." *Lair*, 697 F.3d

15   at 1214. This individualized nature of harm is further underscored when considering the potential

16   violation of Duncker's Due Process rights as mentioned above. *See also Lawson v. Grubhub, Inc.*,

17   No. 15-cv-05128-JSC, 2018 WL 2735400, *2 (N.D. Cal. June 7, 2018) (finding that the balance

18   of harms favored a stay of defendant's motion for costs where plaintiff was an individual and

19   defendant was a large corporation). Staying fee motion proceedings pending appeal would avoid

20   further time consuming and expensive actions to reclaim the funds (or engage in motion practice

21

22

---

23   [1] The alternative, undertaking the expense of further motion practice to seek a stay of such a fee
     award and whether to require a supersedeas bond, would similarly impose irreparable hardship on
24   iCharts, for example the motion practice and bond premium would be costly as would the inability
     to use that money in the interim.
25
     [2] *See* Fraser Tennant, *Salesforce to buy Tableau Software for $15.7bn*, FINANCIER WORLDWIDE
26   MAGAZINE (August 2019), https://www.financierworldwide.com/salesforce-to-buy-tableau-
     software-for-157bn.
27
     [3] *See Market capitalization of Salesforce (CRM)*, COMPANIESMARKETCAP.COM,
28   https://companiesmarketcap.com/salesforce/marketcap/ (last visited Jan. 5, 2025).

1  concerning stay and supersedeas bond) and would streamline use of judicial resources. It could

2  also avoid potential Constitutional violations. Maintaining the status quo makes the most sense.

3  **C.    Tableau Will Not Be Injured By A Temporary Stay**

4  Maintaining the status quo will most certainly *not* injure Tableau's interests in the

5  proceedings. iCharts promptly notified the Court and all parties of its intent to appeal (literally the

6  day after the Court's ruling) (Dkt. No. 119), and it promptly filed this administrative motion to

7  stay proceedings. Moreover, staying proceedings related to awarding fees (or even denying the

8  motion without prejudice to refiling the motion following resolution of the appeal) would not have

9  the effect of denying the request with prejudice: "If an appeal on the merits of the case is taken,

10  the court . . . *may defer its ruling on the motion, or may deny the motion without prejudice . . . .*"

11  Fed. R. Civ. P. 54, Advisory Committee Note (1993) (emphasis added). Tableau maintains its

12  ability to recover fees should the Federal Circuit affirm this Court's decision.

13  Additionally, iCharts does not request a stay ad infinitum. There is a finite period of time

14  in which the Federal Circuit will make a ruling. A pause now bears no inherent prejudice.

15  In sum, iCharts did not delay in notifying the Court and Tableau of its intention to appeal

16  and Tableau will not lose out on requesting fees. There will be an endpoint after which proceedings

17  will resume, one way or another.  These reasons argue in favor of staying fee motion proceedings.

18  **D.    The Public Interest Supports Staying the Fee Proceedings**

19  Public policy considerations also weigh in favor of a stay. "[T]he public has an interest in

20  avoiding the inefficient use of judicial resources to rule on Plaintiff's Motion at this stage …"

21  *Lawson*, 2018 WL 2735400, at*2. Tableau's fee request is entirely related to the pending appeal:

22  all three patents asserted in this action will be analyzed under Section 101. As mentioned above,

23  Section 101, applied to software patents, yields varying results. It is therefore in the public interest

24  to receive further clarity on these issues from the Federal Circuit. In this light, it does not make

25  sense to expend judicial resources now to adjudicate attorneys' fees that may be vacated after the

26  Federal Circuit makes its decision. The Court should defer the fee motion until after the appeal.

27  **IV.    CONCLUSION**

28  For the foregoing reasons, the Court should stay fee motion proceedings.

1    Dated: January 9, 2025

2

3

                                               Respectfully submitted,

                                               **WOMBLE BOND DICKINSON (US) LLP**

4                                                   */s/ Fabio E. Marino*

5                                                   Fabio E. Marino

6                                                   Attorneys for Plaintiff
                                               *iCHARTS LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iCHARTS LLC'S ADMINISTRATIVE MOTION FOR RELIEF
REQUESTING A STAY OF FEE MOTION PROCEEDINGS

6

CASE NO.: 3:24-CV-03157-WHA